UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN OSORIO

                          Plaintiff,                  **COMPLAINT AND JURY DEMAND**

-against-

                                                          Index No.

THE CITY OF NEW YORK; JOHN DOE OFFICER #1

                          Defendants.
------------------------------------------------------------------X

Plaintiff JONATHAN OSORIO by his attorneys, The Spodek Law Group, P.C., for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from a June 18, 2018 incident in which an Officer of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC § 1331, 42 USC § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Jonathan Osorio is a legal resident of the United States and at all times here relevant resided in Staten Island, City and State of New York.

8. The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the law of the United States and the State of New York.

9. Officer John Doe, whose name is currently unknown to Plaintiff was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent,

servant and employee of the City of New York. On information and belief, at all times relevant hereto, John Doe was Plaintiff's arresting officer. Defendant Officer John Doe is sued in his individual capacity.

10. At all times here mentioned Defendant was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the incident, Plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. Plaintiff is an American Citizen, residing in Staten Island, New York.

13. Plaintiff resides at 234 Hylan Boulevard in Staten Island, New York.

14. On June 18, 2018 Plaintiff was stopped at a traffic light on 47th street and 4th avenue in Brooklyn, New York, when an unmarked police vehicle instructed him to pull over.

15. Plaintiff immediately complied and pulled over to the side of the road. Defendant John Doe then asked Plaintiff for his vehicle's insurance and registration information.

16. Plaintiff calmly attempted to comply with the Defendant's instructions, however, Defendant became upset with Plaintiff and ordered him out of the vehicle.

17. Upon exiting the vehicle, the Defendant immediately twisted Plaintiff's arm and shoulder and pushed him against the car. Defendant then proceeded to handcuff Plaintiff.

18. Upon information and belief, Defendant put the handcuffs on extremely tightly, and placed Plaintiff in the police vehicle.

19. While being transported to the police station, Plaintiff asked the Defendant to loosen the cuffs as his hands were in pain and starting to go numb. Defendant refused the request.

20. Upon their arrival at the police station, Plaintiff renewed his request that the handcuffs be loosened. Defendant once again refused, causing further injury.

21. During all of the events above described, Defendant acted maliciously and with intent to injure Plaintiff.

## DAMAGES

22. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    c. Violation of his New York Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure, and free from excessive force;

    d. Physical pain and suffering;

    e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

23. The preceding paragraphs are here incorporated by reference.

24. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable under 42 USC § 1983.

25. Defendant's conduct deprived Plaintiff of his right to be free of unreasonable searches and seizures and arrests without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments to the United States Constitution. The acts of the individual John Doe Defendant, in arresting Plaintiff were undertaken without lawful justification, and with deliberate indifference to Plaintiff's rights.

26. Defendant's conduct, the manner in which he detained Plaintiff and kept him restrained, were designed to, and did cause specific and serious bodily harm and pain to Plaintiff in violation of his Constitutional rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. By his conduct, and acting under color of state law to deprive the Plaintiff of his right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendant is liable under 42 USC § 1983.

27. Defendants' conduct also deprived Plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution by falsely arresting Plaintiff. Plaintiff has been damaged as a result of Defendants' wrongful acts.

28. Through these actions, Defendants are liable for violation of 42 USC § 1983 which prohibits the deprivation under color of state law rights secured under the United States Constitution

### SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISOR LIABILITY/*MONELL* CLAIM)

29. The above paragraphs are here incorporated by reference.

30. At all relevant times herein, Defendant City of New York, acting through the NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the plaintiff's constitutional rights which caused the violation of such rights.

31. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of constitutional rights, they failed to remedy the wrong. The city has been alerted to the regular use of excessive force and false arrests by its police officers but has nevertheless exhibited deliberate indifference to such excessive force and false arrests. That deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

32. The facts at bar are not an isolated event. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings, that a disturbing number of their police officers use excessive force and unlawfully search and seize citizens. Nevertheless, the City has allowed policies and practices that allow this to persist.

33. Despite such notice, the City has failed to take corrective actions such as: a) adequate training to discourage further constitutional violations; b) monitoring and disciplining its officers; and c) adequately and properly investigating citizen complaints of police misconduct. This failure and these policies caused the officer in the present case to violate Plaintiff's constitutional rights, without fear of reprisal.

34. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

**THIRD CAUSE OF ACTION**

(ARTICLE I, SECTION 12 OF NEW YORK STATE CONSTITUTION)

35. The above paragraphs are here incorporated by reference.

36. Defendant, acting under color of law, violated Plaintiff's rights pursuant to Article 1, Section 12 of the New York State Constitution, to be free from unlawful search and seizure, arrest and excessive force. Defendant's acts were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm.

37. A damages remedy here is necessary to effectuate the purposes of Article 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under this section.

## **FOURTH CAUSE OF ACTION**
(FALSE IMPRISONMENT)

38. The above paragraphs are here incorporated by reference.

39. By his conduct and under color of law, Defendant officer deprived Plaintiff of his constitutional right to be free from false imprisonment.

40. Plaintiff was wrongly, unlawfully, and unjustifiably, arrested, detained and deprived of liberty against his will, and was imprisoned by Defendant officer.

41. At all relevant times, Defendant officer acted forcibly in apprehending Plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment was carried out without a warrant.

43. At all relevant times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiff was without right or probable cause and was forcible and against his will.

44. All the foregoing occurred without any fault or provocation on the part of Plaintiff.

45. At all relevant times, Defendant officer who was responsible for the false arrest and imprisonment of Plaintiff was an employee of the NYPD and the City, and was acting for, and in furtherance of the business of his employers and within the scope of his employment.

46. As a result of the false arrest and imprisonment, Plaintiff was required to incur bills for legal services rendered, and was otherwise injured and damaged.

## FIFTH CAUSE OF ACTION
(NEGLIGENCE)

47. The above paragraphs are here incorporated by reference.

48. As a New York City police officer, Defendant officer had a duty to care and obtain medical treatment for Plaintiff.

49. Defendant officer knew or should have known about the injuries Plaintiff suffered when Defendant aggressively and without provocation twisted his arms and shoulder during the initial stop.

50. Defendant officer knew or should have known that he applied the handcuffs too tightly such that it cut off circulation to Plaintiff's hands and wrists. He was further negligent by his failure to prevent injury or by exacerbating existing injuries during transit to the precinct, and then upon arrival at the precinct.

51. Defendant officer's actions were negligent and unconscionable in refusing to assist Defendant in getting medical treatment, despite Plaintiff's continued and repeated pleas for medical assistance.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & SUPERVISION)

52. The above paragraphs are here incorporated by reference.

53. Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the loss of liberty and physical abuse sustained by Plaintiff.

54. Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to Plaintiff or those in a position similar to Plaintiff as a result of this conduct.

55. Upon information and belief, Defendant officer was unfit for his position.

56. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the officer Defendant was potentially dangerous.

57. Defendant City's negligence in hiring and retaining the officer Defendant proximately caused Plaintiff's injuries.

58. Because of the Defendant City's negligent hiring and retention of Defendant officer, Plaintiff incurred damages as described above.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

59. The above paragraphs are here incorporated by reference.

60. Defendant's intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

61. As a result of Defendant's tortious conduct in the course of his employment and in furtherance of the business of Defendant City of New York, Plaintiff was damaged.

**WHEREFORE**, plaintiff demands judgment against the Defendants, jointly and severally, as follows:

a. In favor of plaintiff in the amount of $1,000,000.00 for plaintiff's causes of action;

b. Awarding plaintiff punitive damages in an amount to be determined by a jury;

c. Awarding plaintiff reasonable attorneys' fees costs and disbursements of this action; and

d. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: May 28, 2019

Respectfully Submitted,

Jeremy Feigenbaum
*Attorneys For Plaintiff*
SPODEK LAW GROUP, P.C.
85 Broad Street, 30th Floor
New York, NY 10005
(347) 292-8630
JF@spodeklawgroup.com